IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **FIRSTMERIT BANK, N.A.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No. 12 C 8077 |
| | ) |
| **PRESBREY AND ASSOCIATES, P.C.,** | ) |
| et al. | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff FirstMerit Bank, N.A.'s (FirstMerit) motion for summary judgment and motion for attorneys' fees. For the reasons stated below, the motion for summary judgment is granted and the motion for attorneys' fees and costs is granted in part and denied in part.

## BACKGROUND

On April 19, 2007, First Bank (First Bank) allegedly extended a business loan to Defendant Presbrey and Associates, P.C. (Presbrey PC) in the amount of $400,000. The loan was extended pursuant to the terms of a promissory note (Note), Loan Agreement (Loan Agreement), and Security Agreement. In addition, Kim E. Presbrey (Presbrey )allegedly executed and delivered a commercial guaranty

1

(Guaranty) for the Note and Loan Agreement. In November 2009, First Bank allegedly assigned its interests to the FirstMerit. In May 2013, Presbrey passed away. According to FirstMerit, Presbrey's death was an event that triggered a default under the terms of Loan Agreement and entitled FirstMerit to accelerate the payment of all amounts due on the Note. In June 2012, FirstMerit allegedly served a notice of default and demand for payment on Presbrey PC. FirstMerit brought the instant action against Presbrey LLC, Colleen Drury Presbrey, and The Estate of Kim E Presbrey (Estate). FirstMerit includes in the amended complaint a breach of contract claim, based on an alleged breach of the Note (Count I), a breach of guaranty claim (Count II), and a replevin claim (Count III). FirstMerit now moves for summary judgment and to recover attorneys' fees and costs.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009). A "genuine issue" of material fact in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). In ruling on a motion for summary judgment, the court must consider the record as a whole, in the light most favorable to the non-moving party, and draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

**DISCUSSION**

I. Motion for Summary Judgment

FirstMerit moves as a matter of law for an order declaring it to be a secured creditor and for judgment in its favor and against Defendants, jointly and severally, in the amount of $422,059.91.

A. Undisputed Facts

Pursuant to Local Rule 56.1 the underlying facts in this case are undisputed. Defendants admit that in 2007 Presbrey executed the Note in order to obtain the $400,000.00. (R SF Par. 10). Defendants also admit that Presbrey LLC entered into the Loan Agreement, Security Agreement, and that Presbrey signed the Guaranty. (R SF Par 13-15). Defendants admit that First Bank assigned its interests to FirstMerit. (R SF Par. 25). In addition, Defendants admit that the death of Presbrey is an "event of default" listed in the Loan Agreement. (R SF Par. 29). Defendants further admit that Presbrey died in May 2012, and that upon learning of Presbrey's death,

FirstMerit sent Presbrey LLC a notice of default and demand for payment. (R SF Par. 7, 30). Finally, it is undisputed that Presbrey has failed to submit the amounts owed to FirstMerit.

### B. Perfection of Security Interest and Property

In opposition to the motion for summary judgment, Defendants offer nothing more than a few conclusory statements speculating as to whether FirstMerit perfected its security interest and professing confusion as to the property covered by the security interest. Defendants make conclusory statements questioning the consistency of certain UCC filings made by FirstMerit. However, as Defendants correctly point out, the issue of the perfection of a secured interest and whether FirstMerit is a secured creditor is "wholly irrelevant" in this case since this case is not "a dispute between secured creditors asserting priority over the same collateral." (Reply 2); *see also, e.g., Adams v. Plaza Finance Co., Inc.*, 168 F.3d 932, 933 (7th Cir. 1999)(explaining that a creditor can perfect a security interest to obtain priority in line as a creditor). FirstMerit has provided sufficient undisputed evidence to show that it is a secured creditor for the purposes of the instant action.

Defendants also question whether the Security Agreement is clear as to what property the security interest held by FirstMerit covers. However, Defendants' speculation and claimed uncertainty as to what property is covered is not sufficient to create a genuinely disputed material fact. The undisputed record, which includes the terms of the Security Agreement make clear what property is covered. The Security

Agreement specifically includes as collateral Presbrey's "accounts," and "general intangibles." (P Ex. G). Such collateral would encompass fees such as contingency fees, referral fees, and reimbursed client expense advancements. Defendants have not shown that the property secured by Firstmerit is in any way unclear.

The undisputed facts show that FirstMerit is entitled to recover the relief sought in this case as a matter of law. Therefore, First Merit's motion for summary judgment is granted. The court notes that FirstMerit has named as a Defendant Colleen Drury Presbrey, who is the executor of the Estate. FirstMerit has not provided any basis to hold Colleen Drury Presbrey liable for the debts at issue in this case, and therefore, the claims brought against her are dismissed.

II. Attorneys' Fees and Costs

FirstMerit seeks to recover $47,708.50 in attorneys' fees and $2,071.23 in costs. It is undisputed that pursuant to the terms of the Note, Loan Agreement, Security Agreement, and guaranty, First Merit is entitled to recover reasonable attorneys' fees and costs incurred in enforcing FirstMerit's rights associated with such agreements. (R SF Par. 34). Defendants argue that certain fees and costs should not be recovered. Defendants contend that certain administrative expenses such as mail and photocopying costs are "clearly not recoverable by Plaintiff." (Ans. Atty Fees 2). Defendants also point to certain administrative tasks performed by paralegal that Defendants contends are "clearly no recoverable." (Ans. Atty Fees 2). However, Defendants fail to offer any legal argument as to why such costs are not

Case: 1:12-cv-08077 Document #: 67 Filed: 09/10/13 Page 6 of 7 PageID #:810

recoverable under the terms of the agreements at issue in this case and are not as FirstMerit's documentation indicates costs incurred in the enforcement of Firstmerit's rights. Defendants must offer more than conclusory statements that certain costs are not recoverable and the court will not speculate as to the basis of Defendants' objections.

Defendants also object to a $363.00 double-billing for an October 11, 2012 court appearance. Defendants contend that FirstMerit cannot recover twice for the same court appearance. FirstMerit concedes that there should only be one $363.00 billing for that court appearance and agrees to reduce the attorneys' fee request accordingly. (Reply Atty Fees 5). Defendants also make vague references to certain "entries for unnecessary legal work relating to" the probate proceedings associated with the Estate, which Defendants contend were redundant. (Ans. Atty Fees 3). However, Defendants fail to identify any specific entries that they object to, and the court will not speculate as to the subject matter of Defendants' objection. Finally, Defendants contend that FirstMerit's fees associated with preparing the initial complaint should not be recoverable since Defendants responded with a motion to dismiss, and FirstMerit then file an amended complaint. FirstMerit was permitted under the Federal Rules of Civil Procedure to amend the complaint once prior to the filing of an answer by Defendants. Fed. R. Civ. P. 15(a). Defendants have not shown that FirstMerit acted other than in the ordinary course of this litigation or that FirstMerit made any legal errors that would warrant barring fees relating to the preparation of the initial complaint. The mere fact that FirstMerit needed to file an

amended complaint does not mean that its attorneys' fees were excessive and were not reasonable. FirstMerit has shown that the requested fees are recoverable and reasonable and FirstMerit has provided sufficient documentation to support its request. Therefore, with the exception of $363.00, FirstMerit's motion for attorneys' fees and costs is granted. FirstMerit is awarded $47,708.50 in attorneys' fees and $2,071.23 in costs.

## CONCLUSION

Based on the foregoing analysis, First Merit's motion for summary judgment is granted. Judgment is entered in favor of FirstMerit declaring it to be a secured creditor against Presbrey LLC and the Estate, jointly and severally, in the amount of $422,059.91, $47,708.50 in attorneys' fees, and $2,071.23 in costs, for a total award of $471,839.64. The claims brought against Colleen Drury Presbrey are dismissed.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: September 10, 2013